IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DELMAR EARL SHELBY

VS.                                        CIVIL ACTION NO. 1:13cv504-KS-MTP

DR. RONALD WOODALL, ET AL

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.</u>

This cause is before the Court on Motion for Summary Judgment [52] filed by Defendants Mike Hatten, Ronald King, and Gloria Perry; and Motion for Summary Judgment [59] filed by Defendants Sophia Hamm, Bobby Lane, April Meggs, Dr. Ronald Woodall and Gwen Woodland; and Motion for Summary Judgment Denial [71] filed by Plaintiff. Before the Court also is the Report and Recommendation of Magistrate Judge Michael T. Parker [78], and the Court having considered the pleadings above described, the submissions of the parties and the record herein, finds that the Motions for Summary Judgment [52, 59] should be **granted** and that the Plaintiff's Motion for Summary Judgment Denial [71] should be **denied.** The Court further finds that Plaintiff's claims are frivolous and this dismissal should be counted as a strike against Plaintiff pursuant to the provision of the Prison Litigation Reform Act.

I.  PROCEDURAL HISTORY

On November 16, 2012, Plaintiff Delmar Shelby, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at South Mississippi

1

Correctional Institution ("SMCI") in Leakesville, Mississippi, where he is currently incarcerated.  Through his Complaint, and as clarified during his *Spears*[1] hearing, Plaintiff asserts claims against Defendants for the denial and/or delay of adequate medical treatment, retaliation, and failure to adequately respond to his grievances.

Plaintiff alleges that in 2010, while he was incarcerated at Central Mississippi Correctional Facility, doctors prescribed him the medication clonidine to treat his hypertension.  Thereafter, Plaintiff was transferred to SMCI, and on March 26, 2012, Defendant Gwen Woodland, a nurse practitioner, examined Plaintiff.  According to Plaintiff, Woodland informed him that Defendant April Meggs, the medical supervisor, had instructed her to discontinue Plaintiff's clonidine prescription.  Woodland allegedly recommended to Defendant Dr. Ronald Woodall that Plaintiff be taken off clonidine.  Thereafter, Dr. Woodall took Plaintiff off clonidine and prescribed him other medications for his hypertension.  Plaintiff alleges that the new medications cause him to suffer from headaches, nausea, dizziness, chest pains, and spikes in his blood pressure. *See* Omnibus Order [42].

Plaintiff also claims that Dr. Woodall harassed and threatened him.  Specifically, Plaintiff alleges that Dr. Woodall asked Plaintiff "what's your bitch today?" during an examination and informed Plaintiff that the Dixie Mafia knew of him.  Additionally, Plaintiff alleges that Dr. Woodall refused to treat him on occasion.  Plaintiff also alleges that Defendant Sophia Hamm, a screening nurse, on numerous occasions failed to properly process his requests to be seen by a doctor. *Id.*

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff's *Spears* hearing took place on November 25, 2013.

Plaintiff claims that his medications were not ordered or delivered to him in a timely manner.  Specifically, Plaintiff alleges that Defendant Bobby Lane, who dispensed medications at SMCI, failed to timely order his medications, and as a result, his medications were routinely delivered two weeks late.  In addition to asserting a claim against Lane, Plaintiff claims that Defendant April Meggs, as the medical supervisor, failed to ensure that Plaintiff received his medications in a timely manner.  According to Plaintiff, the delays in receiving his medications caused him to suffer from headaches, nausea, dizziness, chest pains, and spikes in his blood pressure. *Id.*

Finally, Plaintiff claims that Defendants Ronald King (Warden), Mike Hatten (Health Administrator), and Gloria Perry (Mississippi Department of Corrections Medical Director) failed to adequately respond to his grievances and failed to properly control their subordinates. *Id.*  All Defendants have moved for summary judgment, and Plaintiff has responded to these motions.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.")  Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general

3

in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The Report and Recommendation of Magistrate Judge Michael Parker addresses the complaints of Plaintiff against all of the Defendants. Basic to Plaintiff's § 1983 Complaint, is that prior to a finding of liability he must establish the deprivation of a right secured by the Constitution and laws of the United States. The Defendants admit that they were acting under color of state law.

Establishing a constitutional violation in this case necessitates proof that one or more of the Defendants were deliberately indifferent to Plaintiff's serious medical needs. In other words, one or more of the Defendants would have to know <u>and</u> disregard a serious health need of the Defendant. This is a heavy burden to establish.

As stated above, the Report and Recommendation goes through each Defendant and sets forth the reasons why he or she should be granted summary judgment in this case. The Court has reviewed the reasoning of Judge Parker and concurs with it.

The Plaintiff has filed an extensive objection [71] and the Court has gone through the document. The Plaintiff does not specifically address any of the findings of Judge Parker, but he does rehash in great detail the allegations set forth in his Complaint. He also attaches affidavits and medical records to his response. The extensive medical records demonstrate that Plaintiff was receiving numerous and varied medical treatments during the period reported. The attached affidavits indicate that the factual allegations of Plaintiff are misplaced. In the substantive part of the response, Plaintiff

does not address any of the specific objections. There is a rambling statement of some of the pleadings and some boiler plate case authorities are cited. The Court finds that the statements of the Plaintiff are conclusory, lack factual backup and in no way rebut the reasoning of Judge Parker. In each instance and each finding made by Judge Parker, this Court has reviewed the factual issues, legal issues and arguments and finds that summary judgment should be granted as to the Defendants and the Complaint filed herein should be **dismissed with prejudice**.

.                                                 IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Shelby's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636 (b)(1) and that Delmar Earl Shelby's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 18th day of December, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE